**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-50185
Summary Calendar

_____

KENT ANTHONY KRUEGER,

Plaintiff-Appellant,

VERSUS

JODY HERRY; RICK SANCHEZ; KERMIT VETTER; FRANK PEDREZ; JACK
BREMER, Sheriff, in his official and personal capacity; BRIAN
JOHN, Comal County Jail Administrator, in his official and
personal capacity; BILL COLLINS, in his personal and supervisory
capacity as an official of Comal County,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-129)

_____
February 28, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kent Anthony Krueger appeals the district court's grant of
summary judgment in favor of the defendants in his 42 U.S.C. §
1983 civil rights action. On appeal, Krueger argues that the
district court: 1. abused its discretion in denying his motion to
file a second amended complaint; and 2. erred in holding that he
was estopped from asserting that the alleged use of force against
him occurred on December 30, 1993, and granting summary judgment on
that basis.

After the government filed its second motion for summary

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment, Krueger sought to file a second amended complaint to allege, among other things, that the alleged excessive force incident occurred on December 30, 1993, rather than January 7, 1994. Krueger contends that the district court erred in denying his motion.

Krueger also argues that the district court erred in finding that he was estopped from asserting December 30 as the incident date and granting summary judgment for the government on that basis. Krueger does not challenge the nature of the record regarding the motion for summary judgment. In his original and first amended complaints, Krueger alleged January 7 as the date of the alleged incident. In his May 1998 deposition, he contended that there were two incidents involving the same defendants -- one in December 1993 and one in January 1994 -- but that he was only suing for the January 7 incident. Thus, for more than three years, Krueger has asserted January 7 as the incident date. It was only after the defendants filed their second motion for summary judgment that Krueger sought to change the date.

Given the length of time the defendants have relied on Krueger's date allegation and Krueger's insistence at his deposition that the suit involved only the alleged incident on January 7, the district court committed no error. More particularly, we find no abuse of discretion by the district court either in declining to allow Krueger to amend his complaint or in concluding that Krueger was estopped from asserting a new accident date. Thus, we find no error in the district court's grant of summary judgment in favor of the defendants.

2

We AFFIRM the district court's denial of the plaintiff's motion to file a second amended complaint and the district court's grant of summary judgment in favor of the defendants.